IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORDER INN, INC., | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ |
| ORDR.IN, INC.; DAVID BLOOM; and DOES 1 THROUGH 10, | ) ) ) **JURY TRIAL DEMANDED** |
|       Defendants. | ) ) |

## COMPLAINT

Order Inn, Inc. a Nevada corporation ("Plaintiff"), alleges against Ordr.in, Inc., a Delaware corporation, and David Bloom, Ordr.in, Inc.'s Chief Executive Officer (collectively the "Defendants"), as follows:

## NATURE OF ACTION

1. This is an action for registered trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a)).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. 1338(a) (acts of Congress relating to trademarks).

3. This Court has jurisdiction over Defendant Ordr.in, Inc. because Ordr.in, Inc. is, and at all relevant times has been, a corporation organized under the laws of Delaware, having its registered agent for service of process as VCORP Services, LLC, 1811 Silverside Road, Wilmington, DE 19810.

4. This Court has personal jurisdiction over Defendant David Bloom pursuant to 10 *Del. C.* § 3114 and 10 *Del. C.* § 3104 because, on information and belief, Bloom is an officer and/or director of Ordr.in, Inc., a Delaware Corporation, and made the decision to use the name Ordr.in, Inc. and incorporate Ordr.in, Inc. in Delaware.  Further, on information and belief, David Bloom a) does business in this Judicial District, b) has committed intentional acts, expressly aimed at Delaware, causing harm in Delaware, and/or c) directs, controls, ratifies, participates in, and is the moving force behind the alleged infringing activities by Defendant Ordr.in, Inc., a Delaware Corporation.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

**PARTIES**

6. Plaintiff Order Inn, Inc. is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

7. Upon information and belief, Defendant Ordr.in, Inc. is a Delaware corporation having its principal place of business in Brooklyn, New York.

8. Upon information and belief, Defendant David Bloom is a New York resident and an owner, member, director, officer and/or manager of Defendant Ordr.in, Inc., and personally directed, controlled, ratified, participated in, and/or authorized the infringing and tortious activities described herein.  Unless otherwise specifically stated, any references to David Bloom or Defendant David Bloom herein shall refer to Defendant David Bloom both in his individual capacity as well as in his capacity as an owner, member, director, officer and/or manager of Defendant Ordr.in, Inc.

9. The true names and capacities of the defendants named herein as DOES 1 through 10 are other parties or entities who are not currently known to Plaintiff which are liable to Plaintiff for the damages complained of herein. Therefore, Plaintiff sues said defendants, whether individuals, corporations, or another type of entity by these fictitious names. Plaintiff will seek leave of this court to amend its complaint to include the actual names of said defendants when their identities are determined during the course of this litigation. Plaintiff incorporates by reference herein all paragraphs of this complaint against said unknown defendants.

## FACTS

## ALLEGATIONS COMMON TO ALL CLAIMS

### *Plaintiff's Rights to ORDER INN*

10. Plaintiff is the owner of the following U.S. trademark registrations for the mark ORDER INN (the "ORDER INN Mark") in connection with the described services:

- U.S. Trademark Registration No. 3,194,903 for the mark ORDER INN in connection with "On-line ordering services in the field of restaurant take-out and delivery; on-line order fulfillment services for goods and services which hotel guests, residents or businesses may wish to purchase; promoting the goods and services of others by preparing and placing advertisements in menus placed in hotels, residences or businesses; providing information in the field of on-line restaurant ordering services" (in International Class 35) and "Restaurant services provided in relation to restaurant ordering services" (in International Class 43) registered by the U.S. Patent and Trademark Office on January 2, 2007; and

- U.S. Trademark Registration No. 2,801,951 for the mark ORDER INN in connection with "food delivery services provided to hotel guests, businesses" (in

3

Class 39) registered by the U.S. Patent and Trademark Office on January 6, 2004.

11. Since at least as early as November 2000, Plaintiff (or its predecessors-in-interest) has used the ORDER INN Mark in connection with providing online food/restaurant menus and ordering information; providing food ordering, delivery, and catering services; and promoting the services of third-party food providers though in-room menus as well as online though its website <www.orderinn.com> (the "Order Inn Services" or "Plaintiff's Services").

12. Plaintiff has spent considerable time, effort and money to advertise, promote, and market the ORDER INN Mark in connection with Plaintiff's Services throughout the United States, including through the development of strategic partnerships with over 9,000 hotels nationwide, including exclusive contracts with numerous nationwide hotel chains.

13. By virtue of Plaintiff's extensive, continuous, and exclusive use of the ORDER INN Mark in connection with Plaintiff's Services, Plaintiff's ORDER INN Mark has come to be recognized and relied upon by consumers as identifying Plaintiff's Services and distinguishing Plaintiff's Services from similar services offered by others.

14. By virtue of Plaintiff's extensive, continuous, and exclusive use of the ORDER INN Mark in connection with Plaintiff's Services, Plaintiff's ORDER INN Mark has become distinctive and exclusively associated with Plaintiff's Services.

15. By virtue of Plaintiff's extensive, continuous, and exclusive use of the ORDER INN Mark in connection with Plaintiff's Services, Plaintiff has developed substantial goodwill in the ORDER INN Mark throughout the United States and as a result, the ORDER INN Mark has come to be associated exclusively with Plaintiff and the Order Inn Services.

## *Defendants' Infringing Activities*

16. Upon information and belief, Defendants, long after Plaintiff's registration of the ORDER INN Mark in connection with the Order Inn Services, began using (and are still continuing to use to the present day) the mark ORDR.IN (the "Infringing Mark") in connection with online food ordering services and services relating to providing restaurant menus and facilitating the order of food from restaurants, including a service designed to link customers directly with restaurants to allow for such customers to order food from those restaurants which Defendants promote, *inter alia*, as "virtual room service" to hotel chains as a means for their hotel patrons to order food in a hotel that otherwise offers no room service (the "Infringing Services").

17. Upon information and belief, Defendants are promoting the Infringing Services using the Infringing Mark on Defendants' website <www.ordr.in> as well as other social media accounts including Facebook, Twitter, and Tumblr.

18. The Infringing Mark is identical in appearance to the ORDER INN Mark, and thus likely to be confused with Plaintiff's own services marketed using the ORDER INN Mark.

19. Upon information and belief, the nature of Defendants' Infringing Services is identical and/or similar to the type of services offered by Plaintiff under the ORDER INN Mark.

20. Upon information and belief, Defendants' Infringing Mark will be perceived as the same as Plaintiff's ORDER INN Mark by consumers who are likely to believe that the source and origin of the Infringing Services emanate from or are sponsored by or affiliated with Plaintiff.

21. Upon information and belief, Defendants, by using the Infringing Mark to promote their Infringing Services, are attempting to trade on Plaintiff's business, reputation and goodwill in its ORDER INN Mark.

22. Upon information and belief, Defendants' choice of the Infringing Mark to identify the Infringing Services was done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's well-known and prior established rights in the ORDER INN Mark with respect to Plaintiff's Services.

23. Specifically, upon information and belief, Defendants, and David Bloom in particular, (under the former corporate name for Defendant Ordr.in, Inc., Naama Networks, Inc.) filed a trademark registration application with the United States Patent and Trademark Office ("PTO") on January 4, 2011 (U.S. Trademark Application Serial No. 85/206,220), to federally register the Infringing Mark, ORDR.IN, in connection with "Online food ordering service" with a claimed date of first use of December 1, 2010.

24. Upon information and belief, the PTO issued an Office Action on March 30, 2011, which refused registration of the Infringing Mark on the basis that it was confusingly similar to Plaintiff's ORDER INN Mark (U.S. Trademark Registration No. 3,194,903) because the marks are similar in sound and because the services are closely related.

25. Upon information and belief, despite such actual knowledge of Plaintiff's ORDER INN Mark, Defendants continued to use the Infringing Mark in connection with the Infringing Services.

26. Unless enjoined by this Court, Defendants' continued use of the Infringing Mark in connection with Defendants' Infringing Services is likely to cause consumers to be confused, mistaken, or deceived as to the affiliation, connection or association of Defendants' Infringing

Services with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Infringing Services by Plaintiff.

### **FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement Under 15 U.S.C. § 1114)**

27. Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

28. This is a claim for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29. Defendants' Infringing Mark is a colorable imitation of Plaintiff's federally registered ORDER INN Mark and Defendants' use of the Infringing Mark in connection with the advertising and promotion of the Infringing Services is without permission, authority or consent of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

30. Defendants' use of the Infringing Mark in connection with the advertising and promotion of the Infringing Services has been made willfully and deliberately, notwithstanding Plaintiff's well-known and prior established rights in its federally registered ORDER INN Mark and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

31. Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its federally registered ORDER INN Mark for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a))**

32. Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

33. This is a claim for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendants' use of the Infringing Mark constitutes a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Infringing Services and commercial activities by Plaintiff.

35. Upon information and belief, Defendants' selection and use of a mark that is confusingly similar to Plaintiff's ORDER INN Mark in connection with Defendants' Infringing Services was done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's well-known and prior established rights in the ORDER INN Mark.

36. As a direct and proximate result of Defendants' false designation of origin and unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in Plaintiff's ORDER INN Mark for which Plaintiff has no adequate remedy at law.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues raised in the Complaint so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants and each of them as follows:

A. That the Court enter judgment in favor of Plaintiff and against Defendants on all claims for relief alleged herein;

B. That a preliminary and permanent injunction issue pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116) enjoining and restraining the Defendants and their respective owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, from using, on or in connection with the manufacture, sale, importation, exportation, purchase, order, offer for sale, distribution, transmission, advertisement, display and promotion of any products or services, the ORDER INN Mark or other marks that are confusingly similar to the ORDER INN Mark, including but not limited to the Infringing Mark in connection with the Infringing Services as well as related goods and services;

C. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

D. That Defendants be required to account to Plaintiff for any and all profits derived by Defendants and all damages sustained by Plaintiff by virtue of the actions of the Defendants complained of herein;

E. That Defendants be ordered to pay over to Plaintiff any and all profits derived by Defendants and all damages which Plaintiff has sustained as a consequence of the actions of the

Defendants complained of herein pursuant to 15 U.S.C. § 1117, subject to proof at trial;

F.  That the damages resulting from the actions of the Defendants complained of herein be trebled pursuant to 15 U.S.C. § 1117 and awarded to Plaintiff;

G.  That an award of interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action be awarded to Plaintiff; and

H.  That Plaintiff be awarded all other relief to which Plaintiff is entitled and such other and further relief as this Court may deem just.

Dated:  February 7, 2013

NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP

 /s/ Chad S.C. Stover
Francis DiGiovanni (No. 3189)
Chad S.C. Stover (No. 4919)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141
frank.digiovanni@novakdruce.com
chad.stover@novakdruce.com

*Attorneys for Plaintiff*
*Order Inn, Inc.*